[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 07, 2007
THOMAS K. KAHN
CLERK

-----------------------------------------

No. 06-14739
Non-Argument Calendar

-----------------------------------------

D.C. Docket No. 05-00384-CV-W-N

GEORGE HOEY MORRIS,

Plaintiff-Appellant,

versus

DANIEL DEAN,

Defendant-Appellee.

-------------------------------------
Appeal from the United States District Court
for the Middle District of Alabama
-------------------------------------

**(May 7, 2007)**

Before EDMONDSON, Chief Judge, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant George Hoey Morris appeals the district court's grant of

summary judgment to Alabama State Trooper Daniel Dean on Morris's claims

brought under 42 U.S.C. § 1983 and against Trooper Dean in his individual

capacity. The district court determined that Trooper Dean was entitled to qualified immunity on all claims. No reversible error has been shown; we affirm.

We review de novo a district court's entry of summary judgment based on qualified immunity. See Lee v. Ferraro, 284 F.3d 1188, 1190 (11th Cir. 2002). We resolve all issues of material fact in favor of Plaintiff; and we determine whether Defendant is entitled to qualified immunity under that version of the facts. Id.

"Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002) (internal quotation omitted). To receive qualified immunity, the defendant must prove that he was acting within the scope of his discretionary authority. Williams v. Consol. City of Jacksonville, 341 F.3d 1261, 1267 (11th Cir. 2003). After the defendant establishes that he was acting within his discretionary authority, "the burden shifts to the plaintiff to demonstrate that qualified immunity is not appropriate" by showing (1) that a constitutional violation occurred and (2) that the constitutional right was clearly established. Lumley v. City of Dade City, 327 F.3d 1186, 1194 (11th Cir. 2003). Because the parties do not dispute that Trooper Dean was acting

within his discretionary authority, we must consider whether Trooper Dean violated a clearly established constitutional right.

On appeal, Morris -- who was stopped by Trooper Dean for driving 61 m.p.h. in a 30 m.p.h. zone -- argues that Trooper Dean detained him beyond a reasonable time needed to complete the traffic stop. Trooper Dean pulled Morris's vehicle to the side of the road at approximately 4:09 p.m. At 4:36 p.m., Trooper Dean issued Morris a traffic ticket; and a police dog, previously requested by Trooper Dean, arrived on the scene at 4:40 p.m. Morris was allowed to leave the scene of the stop at 4:52 p.m. Morris asserts that being detained for 43 minutes for a traffic stop was unreasonable.[1]

The Fourth Amendment protects individuals from "unreasonable searches and seizures" by government officials; "and its protections extend to brief investigatory stops of persons or vehicles . . . ."[2] United States v. Arvizu, 122 S.Ct. 744, 750 (2002). A traffic stop must be of "limited duration," and "may not last any longer than necessary to process the traffic violation unless there is articulable suspicion of other illegal activity." United States v. Boyce, 351 F.3d

---

[1] We note that Morris previously abandoned his claims that Trooper Dean performed an illegal pat-down on Morris and unconstitutionally handcuffed him.

[2] The Fourth Amendment was incorporated against the states by the Fourteenth Amendment. See Ingraham v. Wright, 97 S.Ct. 1401, 1413 n.42 (1977).

1102, 1106 (11th Cir. 2003) (internal quotation omitted). Therefore, the stop "may be prolonged where an officer is able to articulate a reasonable suspicion of other illegal activity beyond the traffic offense." United States v. Perkins, 348 F.3d 965, 970 (11th Cir. 2003).

"[R]easonable suspicion is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence . . . ." Illinois v. Wardlow, 120 S.Ct. 673, 675 (2000). "When making a determination of reasonable suspicion, we must look at the totality of the circumstances of each case to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing." Perkins, 348 F.3d at 970 (internal quotation omitted). In addition, officers can "conduct a variety of checks on the driver and his car, including questioning the driver about the traffic violation, requesting consent to search the car, and running a computer check for outstanding warrants." United States v. Simmons, 172 F.3d 775, 778 (11th Cir. 1999).

Before pulling Morris over, Trooper Dean observed that Morris's vehicle sped up when Morris saw Trooper Dean's car. Morris was driving a convertible car with its top down on a chilly December day. After pulling Morris over, Trooper Dean ran a check of the driver's license that Morris had provided -- a Florida license listing an Alabama address; and Trooper Dean learned that Morris

4

also had a current Alabama driver's license as well as a prior drug arrest. Morris did not reveal that he had an Alabama license; and he evaded Trooper Dean's question about whether he had a prior arrest for a drug offense. Trooper Dean also noticed that Morris's pupils were small and that his eyes were watery, which Trooper Dean believed could indicate drug use because Morris denied taking medication. Trooper Dean also detected that Morris had a strong body odor, which Trooper Dean had been taught can indicate drug use; and Trooper Dean noted that the area where Morris was stopped is known for drug activity.

In the light of the totality of the circumstances, we conclude that Trooper Dean had a reasonable, articulable suspicion for detaining Morris until the police canine unit arrived at the scene of the stop.[3] After pulling Morris over, Trooper Dean discovered that Morris had an Alabama license and a prior drug arrest, both of which Morris failed to disclose to Trooper Dean. As the district court noted, these facts combined with the other circumstances of the stop -- such as the appearance of Morris's pupils -- indicate that it was reasonable for Trooper Dean

---

[3]The police dog arrived approximately four minutes after Trooper Dean issued Morris's traffic ticket. To the extent that Morris argues that Trooper Dean took an unreasonable time in issuing the traffic citation, we reject this argument as without merit. After pulling Morris over, Trooper Dean, among other things, spoke with Morris about his traffic offense, obtained Morris's license, ran a check on Morris, asked Morris for consent to search, and questioned Morris about why he had two licenses. And Trooper Dean briefly handcuffed Morris after Morris disobeyed Trooper Dean's instruction to stand with his hands on his vehicle.

to suspect Morris of criminal activity beyond his traffic offense. Morris has failed to meet his burden of demonstrating that his detention was in violation of the Fourth Amendment.

We next address Morris's claim that Trooper Dean's warrantless search of Morris's vehicle was unconstitutional. Morris did not consent to a search of his vehicle; but a police dog sniffed around Morris's vehicle and alerted on the passenger side of the car. As a result, Trooper Dean had probable cause to search the limited area of the vehicle where the dog had alerted. See United States v. Glinton, 154 F.3d 1245, 1257 (11th Cir. 1998) ("[O]fficers had no probable cause to search [defendant's] car until the drug-sniffing dog, which officers called to the scene, began scratching and biting at the car's driver-side door."); Merrett v. Moore, 58 F.3d 1547, 1551 n.7 (11th Cir. 1995) ("[A]n alert by a narcotics trained dog establishes probable cause to believe a car contains illegal narcotics."). Morris has failed to demonstrate that a constitutional violation occurred with the limited search of his vehicle.

We affirm the grant of summary judgment to Trooper Dean.

AFFIRMED.

6